65 F.3d 160
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Wilfredo SANTOS-ISAAC, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 95-1227.
 United States Court of Appeals, First Circuit.
 Sept. 6, 1995.
 
 Luis Vizcarrondo-Ortiz and Salvador Medina De La Cruz on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios-Gandara, Assistant United States Attorney, and Robert J. Triba, Acting Chief Counsel, Social Security Administration, on brief for appellee.
 Before TORRUELLA, Chief Judge, SELYA and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant, Wilfredo Santos-Isaac, appeals from the affirmance of the decision of the Secretary of Health and Human Services that he is not entitled to Social Security disability benefits. The Secretary determined that, although claimant could not return to his past work, his high blood pressure and epilepsy did not prevent him from performing light work. Claimant objects to this conclusion on essentially three grounds which we address in turn.
 
 
 2
 1. Claimant argues that the Secretary ignored the residual functional capacity (RFC) assessment completed by an examining neurologist. In this form, the neurologist stated that due to claimant's epilepsy, he "is limited in lifting or carrying any weight since he can drop object[s] and damage them or get hurt." Claimant contends that because he cannot lift anything, he is precluded from working at any job.
 
 
 3
 What claimant fails to mention is the neurologist's specific finding that claimant has the capacity to occasionally lift 10 pounds and frequently lift less than 10 pounds. Contrary to claimant's assertion, then, he is not completely precluded from lifting and claimant does not point to any other evidence to back his position. We also note that although light work involves the ability to occasionally lift 20 pounds, there is record evidence to support the Secretary's conclusion that claimant can lift and carry this much weight. Specifically, there are two other RFC forms which indicate that claimant has no limitations on his ability to lift and carry. Because these RFC assessments are the only data in the record concerning the impact of claimant's impairments on his exertional limitations, we cannot say that there was insufficient evidence to support the Secretary's decision in this regard. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981) (conflicts in the evidence are for the Secretary).[1]
 
 
 4
 2. Claimant next contends that the administrative law judge (ALJ) did not fully consider the combined effect of all claimant's subjective complaints--shortness of breath, muscle aches, chest pain, somnolence, fatigue, dizziness and difficulty with balance. In his decision, the ALJ credited these complaints but found that they were not as severe or disabling as claimant alleged. In particular, the ALJ reasoned that if claimant took his medicine as prescribed, most of the symptoms about which he complained would disappear. As for the somnolence and balance problems--side effects of claimant's medications--the ALJ stated that chf angeln the dosage or type of medicine probably could reduce these symptoms.
 
 
 5
 "[S]ubjective symptoms must be evaluated with due consideration for credibility, motivation and medical evidence of impairment." Gray v. Heckler, 760 F.2d 369, 374 (1st Cir.1985) (per curiam). The ALJ here doubted claimant's credibility, pointing out, as an example, that claimant gave conflicting accounts of the number of seizures he had experienced. Specifically, claimant had informed the examining neurologist that he had been free from seizures during the period from mid-January to mid-July in 1992. Yet, at the 1993 hearing, claimant submitted a statement signifying that he had experienced over 40 seizures during this time. We note that claimant's credibility is further diminished in this regard by the complete dearth of evidence in the medical record that claimant ever complained about his subjective complaints to those treating him.
 
 
 6
 Thus, while the record shows that claimant suffers from epilepsy and high blood pressure, it does not support his allegations of disabling symptomatology. Given this, the Secretary was not required to obtain a medical opinion directed at evaluating these complaints. Finally, because the ALJ decided to discredit the severity of claimant's subjective symptoms, he did not err in similarly discrediting the response of the vocational expert that a person who actually experienced these severe complaints could not work.
 
 
 7
 3. Claimant's last argument is that the Secretary was precluded from relying on his failure to follow prescribed treatment in concluding that claimant was not disabled. To support this argument, claimant points to Social Security Ruling 82-59. This Ruling states:
 
 
 8
 An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social ... Security Administration ... determines can be expected to restore the individual's ability to work, cannot by virtue of such "failure" be found to be under a disability.
 
 
 9
 Claimant asserts that his failure to follow the prescribed treatment was "justifiable" and should not preclude a finding of disability. Specifically, claimant argues that the medical personnel who treated him had failed to inform him of the importance of taking the medication as prescribed.
 
 
 10
 We need not reach the question whether claimant was justified in his actions, however, because he is not a person who is "otherwise ... under a disability." That is, the Secretary did not determine that claimant was disabled but that his failure to observe medical directions precluded him from receiving disability benefits. Rather, the Secretary found that claimant was not disabled because his condition, as reflected in the medical record, did not prevent him from engaging in light work. The reference by the Secretary to claimant's failure to take his medication as prescribed was made in the course of discussing claimant's subjective complaints. This is not the same as relying on this factor to establish that claimant is not under a disability.
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 A determination that an individual has the ability to do light work encompasses a finding that that person also can do sedentary work, 20 C.F.R. Sec. 404.1567(b), and the record fully supports the conclusion that claimant can perform such work. That is, even the examining neurologist indicated that claimant could lift objects weighing no more than 10 pounds; further, claimant, by his own admission, has the capacity to sit for extended periods of time